UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLACK BERSA, THUNDER 40 PISTOL, )<br>.40 CALIBER, SN: XX8010 Asset )<br>Identification Number 12-FBI-002594, )<br>TEN .40 CALIBER ROUNDS OF )<br>AMMUNITION Asset Identification )<br>Number 12-FBI-002594, )<br>BLACK PLASTIC GUN CASE Asset )<br>Identification Number 12-FBI-002594, )<br>)<br>Defendants. )<br>)<br>)<br>CHRISTOPHER JUSTIN EADS, )<br>)<br>Claimant. ) | No. 1:17-cv-02475-TWP-DML |

Report and Recommendation on Government's Motion to Strike and on
<u>Claimant's Motion to Dismiss</u>

This matter is an *in rem* civil forfeiture case brought by the government against the following property: a Black Bersa, Thunder 40 Pistol, .40 Caliber; Ten .40 Caliber Rounds of Ammunition; and a Black plastic gun case (collectively, the "Property").

Before the court is a motion by the government to strike a Claim to the Property filed by Christopher Justin Eads and to deny his motion to dismiss this action because (1) he failed to comply with Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules")

requiring an answer to Special Interrogatories served by the government and (2) he failed to comply with the court's orders requiring him to answer the Special Interrogatories and Request for Admissions and Request for Production of Documents also served by the government.

Mr. Eads did not respond to the government's motion to strike his Claim and to deny his motion to dismiss.

Because the adjudication of the government's motion essentially is dispositive of this action, the Magistrate Judge issues her analysis of the government's motion as a report and recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons explained below, the Magistrate Judge reports and recommends to the District Judge that she GRANT the government's motion and (1) STRIKE Mr. Eads's Claim to the Property and (2) DENY Mr. Eads's motion to dismiss the government's complaint.

**Factual Background and Procedural History**

The Property was seized during the execution of a search warrant at the home of Christopher Justin Eads and his then wife, Rachel Smith, on November 15, 2011. The government has alleged that the Property is subject to forfeiture under the Gun Control Act because Christopher Justin Eads, a convicted felon at the time the Property was seized, had actual or constructive possession of the Property.

The government provided notice to Christopher Justin Eads and Rachel Smith (Eads) of the filing of the complaint in this action, with instructions on filing a claim. Rule G(5)(a)(ii) of the Supplemental Rules provides that a person who

asserts an interest in the Property must file a verified claim within a certain period of time after the date of mailing of the government's notice. If a verified claim is filed, the claimant must then file an answer to the complaint or a motion to dismiss under Fed. R. Civ. P. 12(b) within 21 days of the filing of the verified claim. *See* Supplement Rule G(5)(b).

On August 7, 2017, Christopher Justin Eads filed a verified document in which he made a claim to the Property and moved to dismiss the government's complaint. *See* Dkt. 8.[1] Mr. Eads later filed a separate motion to dismiss the complaint joined with a motion to transfer the Property to a third party. Dkt. 18. In mid-November 2017, the government served written discovery on Mr. Eads consisting of Special Interrogatories (*see* Dkt. 31-1), Request for Admissions of Fact (Dkt. 31-2), and Request for Production of Documents (Dkt. 31-2).

Mr. Eads has never responded to any of this discovery. He told the government that he refused to respond unless and until it pre-paid to him expenses he purportedly would incur in responding to the discovery, and he then filed a motion for pre-payment of discovery expenses. On March 12, 2018, the court denied his motion and ordered Mr. Eads to serve his responses to the discovery by April 9, 2018. The court's order warned Mr. Eads "that if he fails to answer the discovery, he is subject to sanctions including the default and dismissal of his claim to the property." Dkt. 26. Before the court's April 9 deadline, Mr. Eads then filed a

---

[1]   Entries of default were made on January 11, 2018, as to Rachel Smith and all other potential claimants (except Christopher Justin Eads) because, after notice, no other claims were filed. *See* Dkt. 17.

motion asserting that he has a right under the Fifth Amendment to refuse to answer the discovery. On April 23, 2018, the court entered its order overruling Mr. Eads's blanket objection under the Fifth Amendment to answering the discovery, and stated that he may invoke the privilege against self-incrimination only on a question-by-question basis and only if a truthful answer to the particular discovery request may expose him to the possibility of prosecution. Dkt. 33. The court gave Mr. Eads another opportunity, until May 11, 2018, to serve his responses to the government's written discovery. *Id.*

Mr. Eads did not respond to any of the discovery by May 11, 2018, or at any time.

## Analysis

The government asserts two grounds for striking Mr. Eads's Claim to the Property and denying his motion to dismiss the government's forfeiture complaint: (1) his failure to answer Special Interrogatories (a category of discovery specially addressed by Supplemental Rule G(6)) and (2) his failure to comply with the court's orders requiring him to respond to the government's discovery requests. The court agrees with the government that both grounds warrant striking Mr. Eads's Claim and denying his motion to dismiss.

### A. The Claim should be stricken under Supplemental Rule G and Fed. R. Civ. P. 37(b)(2).

As provided in Supplemental Rule G(1), Rule G governs "a forfeiture action in rem arising from a federal statute" and to the extent Rule G does not address an issue, then "Supplemental Rules C and E and the Federal Rules of Civil Procedure

also apply." Rule G(6) permits the government to serve "special interrogatories" directed to the Claimant's "identity and relationship to the defendant property," and requires that answers or objections to the special interrogatories be served within 21 days after service. Rule G(6)(b). According to the Advisory Committee Notes, the allowance of special interrogatories is designed to permit the government to obtain information that bears on the Claimant's standing. If a Claimant fails to comply with Rule G(6)'s requirement that he answer special interrogatories, then under Rule G(8)(c)(i)(A), the government may move to strike the Claim.

The government has properly followed these procedures here. Special interrogatories were served, Mr. Eads refused and failed to answer them, and the government has moved to strike Mr. Eads's Claim. The remedy of striking Mr. Eads's Claim is appropriately granted here. The government's motion cites numerous cases in which district courts have stricken claims because the claimant did not timely respond to Rule G(6) special interrogatories (Dkt. 35-1 at pp. 6-7), and Mr. Eads has provided no reason for the court not to follow the same path here.

Rule 37 of the Federal Rules of Civil Procedure provides another basis for striking Mr. Eads's Claim. Under Fed. R. Civ. P. 37(b)(2), a party who fails to obey an order to provide discovery may be sanctioned. The Rule provides an inexhaustive list of possible sanctions, and requires only that a chosen sanction must be just. A sanction must be proportional to the abusive conduct, *Maynard v. Nygren,* 372 F.3d 890, 893 (7th Cir. 2004), and the court should consider "the egregiousness of the conduct in question in relation to all aspects of the judicial

5

process." *Dotson v. Bravo,* 321 F.3d 663, 667-68 (7th Cir. 2003) (internal quotation omitted). An "ultimate" sanction that essentially forbids the recalcitrant party from further pursuing his claim may be entered where "there is a clear record of delay or contumacious conduct." *E.g., Domanus v. Lewicki,* 742 F.3d 290, 301 (7th Cir. 2014). The ultimate sanction to strike Mr. Eads's Claim (and to deny his motion to dismiss, discussed in Section B below), which will essentially result in the court granting judgment of forfeiture in favor of the United States, is appropriate here.

    Mr. Eads was given multiple opportunities to respond to the government's discovery, including the special interrogatories, and he refused to do so, even after being warned by the court that his failure would subject him to sanctions, including having his Claim defaulted and dismissed. The government was entitled to responses to its discovery for the purpose of both evaluating and challenging Mr. Eads's standing and ultimately for the purpose of proving the elements of its case that the Property should be forfeited under the Gun Control Act. Mr. Eads's willful failure to engage in the discovery process has unfairly thwarted the judicial process here.

    Because there is no justification for Mr. Eads's failure to respond to the Rule G(6) special interrogatories and the other discovery, and Mr. Eads has been clear that his failure was deliberate, the District Judge should STRIKE Mr. Eads's Claim to the Property.

### B. Mr. Eads's motion to dismiss should be denied.

Mr. Eads's motion to dismiss should be denied also because he failed to respond to the government's Special Interrogatories and to the other discovery requests. Supplemental Rule G(6)(c) states that "[t]he Government need not respond to a claimant's motion to dismiss the action under Rule G(8)(b) until 21 days after the claimant has answered [the Special Interrogatories]." This court earlier granted a motion by the government to delay the time for it to respond to Mr. Eads's motion to dismiss until he had answered the special interrogatories. Dkt. 23. Further, as provided by Rule G(8)(c)(ii)(A), when the government moves to strike a Claim because of the claimant's failure to answer special interrogatories, the court must first decide the motion to strike before it decides any motion by the claimant to dismiss the action.

As noted, special interrogatories are designed for obtaining information that bears on a claimant's standing. Without standing, a claimant has no right even to seek to dismiss a forfeiture action, and the court should not entertain such a motion for that reason. In addition, an appropriate discovery sanction under Fed. R. Civ. P. 37(b)(2) is prohibiting the recalcitrant party from opposing claims. Mr. Eads's refusal to participate in discovery unfairly has thwarted the prosecution of this case, including the government's evaluation of Mr. Eads's standing and its proof of the elements of its case seeking forfeiture of the Property. For these reasons, his motion to dismiss should be denied.

## Conclusion

The Magistrate Judge reports and recommends that the court GRANT the government's motion (Dkt. 35) to strike Mr. Eads's Claim and to deny his motion to dismiss. Mr. Eads's Claim in this case, including as embodied in Dkt. 8, should be stricken and his motion to dismiss, at Dkt. 18, should be denied.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Date: June 28, 2018

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system

Via United States mail:
CHRISTOPHER JUSTIN EADS
TUCSON – USP
TUCSON – U.S. PENITENTIARY
Inmate Mail/Parcels
P. O. Box 24550
Tucson, AZ  85734