UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLACK BERSA, THUNDER 40 PISTOL, )<br>.40 CALIBER, SN: XX8010; TEN .40 CALIBER )<br>ROUNDS OF AMMUNITION; and, BLACK )<br>PLASTIC GUN CASE, )<br>(Asset Identification Number 12-FBI-002594), )<br>)<br>Defendants. )<br>_____ )<br>CHRISTOPHER JUSTIN EADS, )<br>)<br>Claimant. ) | Case No. 1:17-cv-02475-TWP-DML |

**ENTRY ADOPTING REPORT AND RECOMMENDATION
AND ORDER GRANTING GOVERNMENT'S MOTION TO STRIKE
AND ORDER DENYING EADS' MOTION TO DISMISS**

This matter is before the Court on *pro s*e Claimant Christopher Eads' ("Eads") Objection to the Magistrate Judge's Report and Recommendation (Dkt. No. 40). On July 21, 2017, the Government filed this *in rem* civil action seeking forfeiture of a Bersa firearm, ammunition, and gun case (the "Property") (Dkt. No. 1). On January 26, 2018, Eads filed a Motion to Transfer Firearm to Third Party and to Dismiss Civil Forfeiture Proceedings, requesting that the Property be transferred to a third party, who was not a prohibited person, and the action be dismissed. (Dkt. No. 18), On June 1, 2018, the Government filed a Motion to Strike Claimant Eads' Claim and Deny his Motion to Dismiss (Dkt. No. 35). Both Motions were referred to the Magistrate Judge. A Report and Recommendation was requested on the dispositive motion (Dkt. No. 34). The Magistrate Judge submitted her Report and Recommendation on June 28, 2018, recommending that the Court

grant the Government's Motion to Strike Eads' claim and to deny his motion to dismiss. The Magistrate further recommended that Eads' claim in this case, including as embodied in Dkt. No. 8, should be stricken and his motion to dismiss, at Dkt. No. 18, should be denied (Dkt. No. 35). Eads filed an Objection (Dkt. No. No. 40). For reasons stated below, the Court overrules Eads' Objection and adopts the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

On July 21, 2017 the Government filed this *in rem* forfeiture action of the Black Bersa firearm, ammunition, and gun case listed above, alleging that the Property was subject to forfeiture pursuant to the Gun Control Act, which makes it unlawful for certain persons, including felons, to possess firearms or ammunition. 18 U.S.C. § 922(g). The Property was seized on November 15, 2011, from Eads' residence in Brownsburg, Indiana. Racheal Smith (a/k/a Rachel Eads), the then wife of Eads, informed officers that the Bersa belonged to Eads. *See United States v. Eads*, 729 F.3d 769, 773 (7th Cir. 2013). Although the firearm was purchased by Rachael Eads and is registered in her name (Dkt. No. 7 at 3), she has not filed a claim for the Property.[1]

Eads presently has three felony convictions: on December 9, 2004, he was convicted of Impersonation of a Public Servant, a Class D felony, in *State of Indiana v. Eads*, Johnson County Circuit Court, Cause No. 41C01-0405-FD- 00052; on August 21, 2006, he was convicted of Theft and Identity Theft, Class D felonies, in *State of Indiana v. Eads*, Hendricks County Superior Court, Cause No. 32D03-0510-FD181; and on February 24, 2012, he was convicted of Distributing and Possessing Child Pornography, and Witness Tampering in *United States v. Eads*, Case No. 1:11-

---

[1] Eads' then wife also has a felony conviction having been convicted on January 30, 2013 of Promoting Prostitution, a Class C felony, in *State of Indiana v. Rachel A. Smith*, Marion Superior Court, Cause No. 49G02-1206-FC-039916.

cr-0239-TWP-KPF. On January 26, 2018, Eads filed a motion to transfer the firearm to a third party who was not a prohibited person, and to dismiss the civil forfeiture proceedings (Dkt. No. 18). On June 1, 2018, the Government filed a Motion to Strike Claimant Eads' Claim and Deny his Motion to Dismiss (Dkt. No. 35). As detailed in the Government's response, the sequence of events is as follows:

> From August 4, 2017 through January 2018 Eads filed numerous documents asserting that the Property should be released to him because his funds were used to purchase the items. *See* Dkt. Nos. 7, 8, 9, 12, 14, and 18.
>
> On November 14, 2017, the Government served a First Set of Special Interrogatories to Claimant Christopher Justin Eads; United States' First Request for Production of Documents; and the Plaintiff's First Set of Request for Admissions of Fact to Christopher Justin Eads. *See* Dkt. Nos. 19-1, 19-2, and 19-3. The discovery sought to ascertain Eads' standing to bring a claim and his claim of ownership of the Property.
>
> The Court determined the Government's discovery requests were relevant and proportional to the needs of the case and ordered Eads to comply. *See* Dkt. No. 26 at 3.
>
> On November 27, 2017, Eads filed a letter with the Court indicating that it would cost him "$20.00 to $30.00" to respond to the Government's discovery requests and demanded that the Government pay these costs. Dkt. No. 12.
>
> On December 20, 2017, Eads filed a "Motion for Pre-Payment of Expenses," asserting that it would cost him $125.33 to respond to the written discovery and refusing to respond to the discovery without payment of these costs. Dkt. No. 14.
>
> On March 23, 2018, Eads filed a Motion Asserting Fifth Amendment Privilege affirming that he "is not going to respond to the United States interrogatories and other requests at all," Dkt. No. 28 at 2.
>
> On April 23, 2018, the Court denied Eads' motions and ordered him to "serve full and complete answers to the Government's discovery requests (the First Set of Special Interrogatories, First Set of Requests for Admissions, and First Request for Production of Documents) no later than May 11, 2018." Dkt. No. 33 at 4.
>
> Eads did not respond to the discovery by May 11, 2018 and to date, he has not responded to the discovery requests.

On June 1, 2018, the United States filed a motion to strike Eads' claim pursuant to Supplemental Rule G(8)(c)(i)(A) and Federal Rule of Civil Procedure 37(b)(2), and to deny his Motion to Dismiss. Dkt. No. 35. Eads did not respond to the motion.

On June 28, 2018, Magistrate Judge McVicker Lynch issued a Report and Recommendation to grant the Government's motion to strike Eads' claim and to deny Eads' motion to dismiss. Dkt. No. 36.

On July 15, 2018, Eads notified the Court that he had been transferred to another facility and filed notice of his new address. Dkt. No. 38.

On July 17, 2018, Eads' copy of the Report and Recommendation was returned to the Clerk's Office, with the indication notice that Eads was no longer at the Tucson U.S. Penitentiary. Dkt. No. 37.

On July 24, 2018, the Court directed the Clerk to send Eads a copy of the Report and Recommendation (Dkt. 36) to his new address. Dkt. No. 39. Eads was informed that he would have until August 3, 2018, by which to file his response, if any, to the Report and Recommendation. *Id*.

On August 6, 2018, Eads filed an Objection to the Report and Recommendation. Dkt. No. 40.

Eads has not raised any objection to the Magistrate Judge's legal analysis, instead he argues the Magistrate Judge erred in finding that he failed to comply with the Court's orders to answer the "Special Interrogatories". He contends that he is being "punish[ed]" with the dismissal of his claim "just because he has filed motions (such as motions to "pled [sic] the fifth" and motions to have the U.S. "pay the expenses") and argues the Court should excuse his failures because he is a *pro se* litigant. Dkt. No. 40 at 2.

## II. **LEGAL STANDARD**

A. **Review of the Magistrate Judge's Report and Recommendation**

A district court may assign dispositive matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition,

4

including any findings of fact. 28 U.S.C. § 636(b)(1)(B) (2012); Fed. R. Civ. P. 72(b)(1). *See also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district court need not accept any portion as binding. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b)(3). *See also Schur*, 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error of law. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusions to which timely objections have not been raised by a party. *Schur*, 577 F.3d at 760-61. Further, if a party fails to object to a magistrate judge's report and recommendation, or objects on some issues and not others, the party waives appellate review of the issues to which the party has not objected. *Johnson*, 170 F.3d at 739.

**B.     Review of Nondispositive Matters**

In considering objections to a magistrate judge's order on a nondispositive matter, the district court may consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. Pro. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

## III. DISCUSSION

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions set forth a heightened pleading standard for forfeiture actions. Federal Rules of Civil Procedure Title XIII. Supplemental Rule G relates to civil forfeiture of contraband, such as proceeds of crime, or other property connected to criminal activity. Rule G(6) provides that, "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Rule G(6)(b) requires that answers or objections to these interrogatories be served within twenty-one (21) days of their receipt. This Rule is designed to enable the government to "gather information that bears on the claimant's standing." Adv. Comm. Note to Supp. R. G(6). Rule G(8)(c)(i)(A) permits the government to move to strike a claim or answer at any time before trial due to failure to comply with Rule G(6). *See United States v. $196,969.00 U.S. Currency*, 719 F.3d 644, 647 (7th Cir. 2013) (noting that the government can move to dismiss a claim where claimant is unresponsive to Rule G(6) interrogatories); *United States v. $4,290.00 in U.S. Currency*, No. 12-3141, 2014 WL 859561, at *4 (C.D. Ill. Mar. 5, 2014) (striking claim for failing to adequately respond to Rule G special interrogatories and to comply with discovery orders and requests). The purpose of the Rule G(6) special interrogatories "is to smoke out fraudulent claims—claims by person who have no colorable claims." *United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 650 (7th Cir. 2013).

The Magistrate Judge recommends dismissal of Eads' claim based on his failure to comply with the Court's orders to answer the special interrogatories after being given numerous opportunities to comply and recommends denying Eads' motion to dismiss, also because he failed

to respond to the Government's Special Interrogatories and to the other discovery requests. The Court agrees that striking Eads' claim is warranted under Rule G(8)(c)(i)(A) for failure to comply with Rule G(6), and Fed. R. Civ. P. 37(b)(2) for failure to obey the Court's Orders in this case. Rule 37(b)(2) provides that a party who fails to obey an order to provide discovery may be sanctioned.

As noted by the Magistrate Judge, not only has Eads failed to respond at all to the Government's discovery requests, he has disregarded the Court's Orders instructing him to do so on several occasions. *See* Orders issued on March 12, 2017 (Dkt. No. 26) and on April 23, 2017 (Dkt. No. 33). Despite Eads contentions otherwise, the information that the Government requested him to produce or answer was under his control and germane to his claim that he has an ownership interest in the Property. In the March 12, 2018 Order, the Magistrate Judge explained to Eads that the expenses he alleged were not triggered by the Government's discovery requests and informed Eads that he could answer the discovery without using notaries or mailing anything by certified mail. (Dkt. No. 26 at 2-3). Despite this instruction, Eads did not respond to the discovery requests.

The Government contends that Eads' tactics have been evasive and intentional obstructions to block their ability to litigate Eads' standing and pursue the forfeiture action. They note that Eads was given several opportunities over a period of several months to comply, and refused to do so. In March 2018, he affirmatively stated that he would not comply.

> …Eads is not going to respond to the United States interrogatories and other requests at all; since the United States is accusing Eads of a federal felony under the law.
>
> Therefore, at this time, Eads is shutting down, and demanding due process under the Fifth Amendment.

Dkt. No. 28 at 2-3. The Court considered and denied Eads' Motion asserting Fifth Amendment Privilege and informed Eads that he could invoke the Privilege with respect to any matter propounded in discovery on a question-by-question basis if a truthful answer might expose him to

criminal prosecution. Dkt. No. 33 at 3. The Court also gave Eads additional time, until May 11, 2018, to respond to the discovery requests. *Id*. Eads still did not comply.

Eads' failure to produce the information impeded the United States' ability to litigate his standing and to pursue forfeiture of the case. *See United States v. Thirteen Thousand and 00/100 Dollars ($13,000.00) in U.S. Currency*, 2015 WL 1841273, at *3 (C.D. Ill. Apr. 21, 2015) (claim stricken where claimant's failure to properly comply with discovery requests and orders of the court precluded the government from litigating the merits of his claim). Non-compliance with the Rule G procedures justifies striking his claim pursuant to Rule G(8)(c)(i)(A). *See United States v. $8,791.55 in U.S. Currency*, 2014 WL 3953654, *2 (C.D. Ill. August 13, 2014) (striking claim where claimant failed to fully respond to special interrogatories despite a court order to respond to the discovery, along with extra time to do so).

Eads alleges that in early June 2018, he sent the Court "a hand-wrote [sic] notice advising that he was in the process of complying with the Courts [sic] order to reply to the Governments [sic] request for 'Special Interrogatories,'" but the Bureau Of Prisons made him pack up all of his legal work due to a pending transfer to another facility. Dkt. No. 40 at 1. He alleges he was unable to comply "back in June, 2018 because he did not have any of his property, including those the Government is requesting." *Id.* As an initial matter, the Court notes that there is no such letter on the docket. However, even if the letter were mailed in June 2018, as noted above, Eads was required to respond by May 11, 2018, and he did not do so by the deadline.

Eads explains that he is now willing to participate in discovery, but because he is located in the Special Housing Unit ("SHU") he does not have access to his legal documents. (*Id*. at 3.) This argument fails because Eads has not alleged that he was in the SHU in May 2018.

8

Finally, Eads argues the Court should "consider his claims in a pro se and liberal fashion". (*Id*. at 3.) The Court must "liberally construe [a] pro se plaintiff's pleadings, 'however inartfully pleaded.'" *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1184 (7th Cir. 1989) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Court recognizes Eads' *pro se* status and has liberally construed his pleadings; however, the Seventh Circuit requires that *pro se* litigants must still meet deadlines. "As we have repeatedly held, even pro se litigants must follow procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir.2008). It is well established that a party's *pro se* status is not a license to disobey the rules or court orders. *Mitchell v. Union Pac. R. Co*., 501 F.3d 794,796 (7th Cir. 2007). Moreover, Eads is an experienced *pro se* litigant. He competently represented himself in a jury trial, and is a frequent filer and litigator. He is familiar with the fact that deadlines must be met and if additional time is needed, a request for extension of time must be filed. Accordingly, this argument fails to justify modification or rejection of the Magistrate Judge's recommendation.

In its *de novo* review, the Court determines that the Government was entitled to responses to its discovery for the purpose of both evaluating and challenging Eads' standing and ultimately for the purpose of proving the elements of its case that the Property should be forfeited under the Gun Control Act. The Magistrate Judge's findings were not clearly erroneous or contrary to law. Her finding that Eads' claim should be stricken because he flatly refused to respond to the discovery and failed to respond to the Special Interrogatories pursuant to Rule G(6), even after two Orders and a warning that his failure would subject him to sanctions, including having his claim defaulted and dismissed, is appropriate. Eads' failure to respond was deliberate and his evasive tactics cannot be justified by his *pro se* status. Where a claimant has disobeyed the court's orders,

9

as held by the magistrate judge, striking the claimant's claim is appropriate. *See United States v. $7,400 in U.S. Currency*, 276 F.R.D. 596, 599 (E.D. Wisc. 2011) (striking claimant's claim where she had violated two orders of the court).

Having reviewed for clear error the portions of the Report and Recommendation to which objections were made, the Court finds no error. The Report and Recommendation (Dkt. No. 36), is **adopted.**

### IV. <u>CONCLUSION</u>

For the reasons stated above, Eads' Objection to the Report and Recommendation (Dkt. No. 40) is **OVERRULED.** The Court **ADOPTS** the Magistrate Judge's recommendation (Dkt. No. 36) and **GRANTS** the Government's Motion to Strike Eads' Claim and Deny his Motion to Dismiss (Dkt. No. 35), and **DENIES** Eads' Motion to Transfer Firearm to Third Party[2], and to Dismiss Civil Forfeiture Proceedings (Dkt. No. 18).

Final judgment on behalf of the Government will be issued in a separate order and this matter is closed.

**SO ORDERED.**

Date: 9/24/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[2] No third party has timely filed a claim for the Property and Eads' request that the firearm be transferred to a third party is not supported by the law. However, the Court need not address the request on the merits since Eads' claim for the Property is dismissed.

DISTRIBUTION:

Christopher Eads, #10391-028
Fairton Correctional Institution
United States Penitentiary
P.O. Box 420
Fairton, New Jersey   08320

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov